**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 30, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERNESTO MENDOZA-CONTRERAS,

    Defendant - Appellant.

No. 22-5057
(D.C. No. 4:15-CR-00046-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Ernesto Mendoza-Contreras, a federal prisoner proceeding pro se, appeals

from the district court's denial of his motion for compassionate release under

18 U.S.C. § 3582(c)(1)(A)(i).  Our jurisdiction arises under 28 U.S.C. § 1291.

Because Mr. Mendoza-Contreras has not shown that the district court abused its

discretion, we affirm.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.    Background

Mr. Mendoza-Contreras pleaded guilty to a federal drug-conspiracy offense in 2015.  The district court sentenced him to 156 months' imprisonment.  His projected release date is July 16, 2026.

Mr. Mendoza-Contreras filed a pro se motion for compassionate release under § 3582(c)(1)(A)(i) on April 21, 2022, arguing that extraordinary and compelling reasons warranted a reduction in his sentence to time served.  He relied on the following circumstances:  prison conditions related to the spread of COVID-19 at North Lake CI, his medical conditions that increase his risk of serious illness if he becomes infected with COVID-19, and a need to care for family members with serious health conditions.  The government filed a response opposing the motion on May 20, 2022, and the district court denied it on May 27.[1]

The district court reviewed Mr. Mendoza-Contreras's presentence report, which states that he had reported that "he is in generally good health and taking medication for high cholesterol and hypertension."  R., Vol. 3 at 80.  At the time he filed his motion, his prison medical records indicated that he took daily medication for hypothyroidism and hyperlipidemia and that he was not presently being treated for obesity, bradycardia, or hypertension.  He was in his late 40s at the time.

---

[1] On May 31, 2022, Mr. Mendoza-Contreras moved for an extension of time to file a reply.  Because the district court had already ruled on his motion for compassionate release, it denied his motion for an extension as moot.  Unaware of the district court's denial of compassionate release, Mr. Mendoza-Contreras filed a reply on June 9.

Mr. Mendoza-Contreras was classified as "care level 2 – stable, chronic care, with follow up care as needed." *Id.* He received a COVID-19 vaccination in May 2021 and a COVID-19 booster in December 2021, as well as vaccinations against other communicable diseases.

The district court also made findings regarding the conditions at Mr. Mendoza-Contreras's prison facility, noting it was "aware that, at North Lake CI, . . . there are currently no COVID-19 positive inmates." *Id.* at 81. The court stated that "[t]his controlled infection rate suggests that the facility is complying with the Bureau of Prison[s'] COVID-19 response plan, to include social distancing, surface sanitation, and availability of the COVID-19 vaccine." *Id.* Acknowledging that the risk of infection is greater in an institutional setting, the court said the issue was "the likelihood of life-threatening or serious chronic complications should an inmate become infected." *Id.* It stated it "must balance this risk against its responsibility to uphold the reasons for imposition of an imprisonment sentence." *Id.*

The district court concluded:

> The record clearly reflects that defendant is not at undue risk. Although defendant suffers from ailments that, according to the Centers for Disease Control and Prevention [CDC], may place him at a higher risk of severe response to COVID-19, the Court finds that defendant is not in jeopardy of serious complications should he contract the virus.

*Id.* In making this finding, the court pointed to Mr. Mendoza-Contreras's medical history, his "comprehensive medical care," the prescriptions he takes "to reduce risk factors," his vaccination status for COVID-19 and other communicable diseases, and his "imprisonment at a low infection rate institution that is adhering to Bureau of

3

Prisons' COVID-19 abatement protocols." *Id.* The district court therefore decided that Mr. Mendoza-Contreras's "medical conditions do not rise to the level of extraordinary and compelling reasons to warrant a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)." *Id.*

Addressing Mr. Mendoza-Contreras's contention that he is needed at home to care for his chronically ill mother and adult daughter, the district court acknowledged that the Sentencing Commission's existing policy statement does not apply to compassionate-release motions filed by defendants. It nonetheless noted that although the current policy statement provides that certain family circumstances may support a reduced sentence, it specifies the incapacitation of a defendant's "'spouse or registered partner,'" rather than a parent or adult child. *Id.* at 82 (quoting USSG § 1B1.13 cmt. n.1(C)(ii)). The court found that "disruption of defendant's life, and the concomitant difficulties for those who depend on defendant, are inherent in the punishment of incarceration," stating that "[f]amily concerns resulting from a defendant's imprisonment are not ordinarily a factor to be considered at sentencing." *Id.* It decided that Mr. Mendoza-Contreras's family concerns were not "a viable reason for reduction of sentence under § 3582(c)(1)(A)." *Id.*

The district court ultimately found that the factors Mr. Mendoza-Contreras presented did not rise to the level of extraordinary and compelling reasons warranting a reduction of his sentence.

4

II.     **Discussion**

A.     **Legal Background and Standard of Review**

Section 3582(c)(1)(A)(i), as amended in 2018 by the First Step Act, allows defendants to move for compassionate release in the district court after exhausting Bureau of Prisons (BOP) administrative remedies. *See United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). The district court may grant a motion when it (1) "finds that extraordinary and compelling reasons warrant such a reduction"; (2) "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* at 831; *see also* § 3582(c)(1)(A)(i). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *Maumau*, 993 F.3d at 831 n.4 (internal quotation marks omitted). The district court denied Mr. Mendoza-Contreras's compassionate-release motion because he did not satisfy the first prerequisite: he failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction.

A district court has broad discretion to determine what constitutes "extraordinary and compelling reasons," although that discretion is circumscribed by the applicable policy statements issued by the Sentencing Commission. *Id.* at 834 (internal quotation marks omitted). Currently, there is no policy statement applicable to motions filed by defendants. *Id.* at 837. Rather, the Sentencing Commission's existing policy statement applies only to motions filed by the BOP; it therefore

"cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling" when the motion is filed by a defendant. *Id.* (internal quotation marks omitted).

We review a district court's ruling on a compassionate-release motion for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact[,]" *id.* (internal quotation marks omitted), or "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted). We liberally construe Mr. Mendoza-Contreras's pro se filings but we do not take on the role of being his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).[2]

### B.    Medical Conditions and Prison Conditions

Mr. Mendoza-Contreras challenges the district court's conclusion that he failed to show extraordinary and compelling reasons for release based upon his medical conditions and the conditions at his prison facility, North Lake CI. He first

---

[2] On appeal Mr. Mendoza-Contreras references arguments he made in his reply, some of which he maintains the district court "ignored." But he does not expressly challenge the district court's denial as moot of his motion for an extension to file a reply. Local district court criminal rules do not provide for the filing of a reply in support of a motion. *See* N.D.Okla.LCrR47. Moreover, we have reviewed Mr. Mendoza-Contreras's reply and we find no abuse of discretion or prejudice resulting from the district court's ruling on his compassionate-release motion before the filing of a reply. *See Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994).

6

contends the district court reached an "unsupported medical opinion" that he "is receiving treatment for his underlying medical conditions and is responding to that treatment." Pet'r's Opening Br. at 9. But his medical records show that he is taking daily medication for hypothyroidism and hyperlipidemia and that his medical condition is listed as stable, chronic care. Mr. Mendoza-Contreras argues that no evidence or caselaw supports the district court's "conclusion that as long as a person is receiving treatment for any of the underlying medical conditions and risk factors identified by the CDC, and is responding to that treatment, he is not in jeopardy of serious complications should he contract the virus." *Id.* at 10. He asserts that the district court lacks authority to reject the CDC's guidance by concluding that his "underlying medical conditions do not place him at an increased risk of serious illness or death if he is infected with COVID-19," *id.*, although he acknowledges that "the district court did find that [his] ailments place him at a higher risk of severe response to COVID-19," *id.* at 11. Mr. Mendoza-Contreras appears to contend that district courts lack discretion to deny compassionate release to any inmate who has an underlying medical condition that increases his risk of severe illness from COVID-19. We reject that proposition as inconsistent with the district court's broad discretion to determine what constitutes extraordinary and compelling reasons under § 3582(c)(1)(A)(i). *See Maumau*, 993 F.3d at 834 ("district courts . . . have the

authority to determine for themselves what constitutes extraordinary and compelling reasons" (internal quotation marks omitted)).

Moreover, in finding that Mr. Mendoza-Contreras "is not at undue risk," R., Vol. 3 at 81, the district court did not rely solely on his medical treatment and stable condition. It also cited his overall medical history, his vaccination status, and the low infection rate at North Lake CI. He contends that COVID-19 vaccinations and boosters are not 100% effective. But we have recognized that "access to vaccination" may "weigh against a finding of extraordinary and compelling reasons." *United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022); *see id.* at 936 n.2 (noting "a growing consensus that either receiving or refusing COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances" (internal quotation marks omitted)). And according to the CDC, vaccination does lessen the potential for severe illness from COVID-19.[3] The scientific community has struggled in trying to fully and accurately assess the risks from COVID-19. The decision by the district court in this case ultimately may prove to be scientifically unsound. But in the present uncertain state of knowledge, we cannot say that its assessment of the risk to Mr. Mendoza-Contreras was clearly erroneous.

---

[3] "COVID-19 vaccines help protect against severe illness, hospitalization, and death. People who are up to date on COVID-19 vaccines are much less likely to experience severe symptoms than people who are not up to date, if they get infected with SARS-CoV-2, the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited March 28, 2023).

Mr. Mendoza-Contreras argues the district court's finding regarding the lack of positive COVID-19 cases at North Lake CI is clearly erroneous because the BOP website the government cited for this fact does not list any statistics for that prison facility. *See* R., Vol. 3 at 51 & n.3. He is correct that the BOP website currently does not list that prison facility. *See* https://www.bop.gov/coronavirus/covid19_statistics.html (last visited March 22, 2023). But he failed to provide any evidence that the website did not include the relevant statistics as of May 17, 2022, when the government cited it. And his assertion that "it is highly unlikely that North Lake CI is completely free from infection," Pet'r's Opening Br. at 16, does not demonstrate that the district court's factual finding is clearly erroneous. Nor did the district court ignore Mr. Mendoza-Contreras's arguments that North Lake CI's design makes it impossible to implement CDC guidelines and that the prison facility "completely mishandled the COVID-19 pandemic," *id.* The court found to the contrary that the "controlled infection rate" at North Lake CI "suggests that the facility is complying with the Bureau of Prison[s'] COVID-19 response plan." R., Vol. 3 at 81.

Finally, Mr. Mendoza-Contreras cites an unpublished district-court decision granting compassionate release to a prisoner housed at North Lake CI in 2020 based on an underlying medical condition that increased his risk of serious illness from COVID-19. We are not persuaded that this ruling demonstrates that the district court abused its discretion by denying Mr. Mendoza-Contreras's motion under different circumstances in 2022.

9

Mr. Mendoza-Contreras fails to show that the district court abused its discretion in concluding that his medical conditions and the conditions at North Lake CI do not rise to the level of extraordinary and compelling reasons warranting a reduction in his sentence under § 3582(c)(1)(A)(i).

## C.    Need to Care for Ailing Family Members

Mr. Mendoza-Contreras also challenges the district court's conclusion that his asserted need to care for his elderly mother and adult daughter, both of whom have serious health conditions, does not amount to an extraordinary and compelling reason warranting his release.  He first argues the district court made a clearly erroneous factual finding in stating that he cited the policy statement in USSG § 1B1.13 cmt. n.1(C)(ii) in support of his motion for compassionate release.  The district court did misstate that Mr. Mendoza-Contreras, rather than the government, had cited that policy statement.  *See* R., Vol. 3 at 82 (stating "Defendant cites" the policy statement); *id.* at 52 (government's brief citing the policy statement).  But regardless of which party cited the policy statement, the question is whether the district court abused its discretion by considering it.

Mr. Mendoza-Contreras correctly notes that the existing policy statement regarding compassionate release is not applicable to a motion, like his, filed by the defendant.  *See Maumau*, 993 F.3d at 837.  He also acknowledges that the district court recognized it was not constrained by the existing policy statement.  *See* R., Vol. 3 at 82 (district court stating that "the existing policy statements are not applicable to motions filed directly by defendants").  Nonetheless, he argues that the

district court improperly limited its discretion by denying his motion based upon USSG § 1B1.13 cmt. n.1(C)(ii). This argument is unfounded. The district court did note that the policy statement "specifies a spouse or registered partner, not a defendant's parent or adult child." *Id.* (internal quotation marks omitted). But there is nothing to suggest that the district court considered itself bound by that policy statement. And the court did not abuse its discretion by looking to it for guidance. *See Hald*, 8 F.4th at 938 n.4 ("[I]t would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance.").

Finally, Mr. Mendoza-Contreras cites a district-court order granting a prisoner's motion for compassionate release based upon his need to care for his elderly mother. *See* Order Granting Compassionate Release, *United States v. Galaz-Felix*, No. 1:03-cr-00062-TC-4 (Apr. 5, 2022), ECF No. 879. But the granting of that prisoner's motion—which, unlike in this case, was not opposed by the government, *see id.* at 1—does not demonstrate that the court abused its discretion in denying Mr. Mendoza-Contreras's motion.

## III.　Conclusion

A district court has "substantial discretion" in determining whether to grant compassionate release under § 3582(c)(1)(A)(i). *Hald*, 8 F.4th at 938 n.4. Mr. Mendoza-Contreras has not demonstrated any clearly erroneous factual finding underlying the district court's decision that affected its ruling. And we do not "have a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v.*

11

*Merritt*, 961 F.3d 1105, 1111 (10th Cir. 2020) (brackets and internal quotation marks omitted). We therefore affirm the district court's denial of Mr. Mendoza-Contreras's motion for compassionate release.

Entered for the Court

Harris L Hartz
Circuit Judge